F. JOURDAN V. F. W. CHANDLER.

The clerk of the District Court from which an appeal is taken to the Supreme Court, is not competent to become a surety on the appeal bond. It is not reasonable to suppose that the statute intends to authorize the clerk to approve and accept himself as surety for other parties.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

The opinion states the case.

*A. S. Walker* and *David Sheeks*, for the appellant.

*W. M. Walton* and *F. Carleton*, for the appellee, moved to dismiss the appeal, assigning the insufficiency of the bond, and other causes.

OGDEN, J.   The appeal bond in this cause is signed by the appellant, the Clerk of the District Court before which this case was tried, and one other party, as security. The statute requires that the appeal bond shall be signed by two or more securities, to be approved by the clerk of the court.

In Hooper *v.* Brinson, 10 Texas, 296, this court decided, " that where there is but one security to the bond the appeal " will be dismissed; " and in Shelton *v.* Wade, 4 Texas, 148, it was held, in effect, that it was not necessary for the appellant to sign an appeal bond, as he was already bound by the judgment, and that therefore his signature would be no security. The clerk of the District Court signed the bond as one of the securities. But his signing the bond was in direct violation of the rules adopted by this court for the government of the District Courts, and in violation of the spirit and proper interpretation of the statute, as that requires that the clerk shall approve the securities on the appeal bond, and it would hardly be

reasonable to suppose that the Legislature intended that the clerk should have the authority to pass upon and accept himself as security for other parties. There is one other signature to this bond, but as the statute requires two or more securities, and as we do not consider the clerk as a legal security, we are of the opinion that the bond is not in compliance with the statute, and that this court has no jurisdiction of the case. The appeal is therefore dismissed.

Appeal dismissed.